DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Melvin Griffin, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On June 26, 2006, Kimberly Ammons ("Ammons") was staying at Appellant's home. Appellant is the father of two of Ammons' children. In the early morning hours of June 27, 2006, Ammons came down the steps of Appellant's home to find Appellant engaging in what appeared to be sexual activity with a male neighbor. One of Ammons and Appellant's children was in the room, sleeping on a chair. Ammons became upset and argued with Appellant. *Page 2 
She left the apartment and attempted to call someone to come pick her up at Appellant's home. Ammons was unable to find someone to pick her up right away and returned to Appellant's home. Ammons continued to argue with Appellant. Appellant threw Ammons on the ground and punched her in the face three times. Ammons went to the kitchen and got a knife. Appellant and Ammons dispute whether Ammons attempted to use the knife. Ammons then fell asleep on the floor while waiting for her sister to pick her up later that morning. After leaving Appellant's home, Ammons went to the emergency room. Ammons was referred to the DOVE unit, where photographs were taken and she spoke with Officer Banks of the Akron Police Department.
 {¶ 3} On July 9, 2006, Appellant was indicted on one count of domestic violence, in violation of R.C. 2919.25(A), one count of endangering children, in violation of R.C. 2919.22(A), and one count of disseminating matter harmful to juveniles, in violation of R.C.2907.31(A)(1). On July 12, 2006, Appellant pled not guilty to the charges and a jury trial commenced on September 22, 2006. Prior to trial, the State dismissed the counts of child endangerment and disseminating matter harmful to juveniles. Ammons, Officer Banks and Appellant testified at trial. Appellant was found guilty of domestic violence and sentenced to one year incarceration. Appellant timely appealed his conviction, raising one assignment of error for our review.
 II. *Page 3 ASSIGNMENT OF ERROR "APPELLANT'S CONVICTION OF DOMESTIC VIOLENCE WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In his sole assignment of error, Appellant contends that his conviction of domestic violence was contrary to the manifest weight of the evidence. We do not agree.
 {¶ 5} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (overruled on other grounds). When a defendant asserts that his convictions are against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 6} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than it supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the *Page 4 
basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see also, Otten, 33 Ohio App.3d at 340.
 {¶ 7} Appellant was convicted of domestic violence, in violation of R.C. 2919.25(A), which provides as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Appellant stipulated that he had two prior convictions for domestic violence. Upon testifying, Appellant clearly admitted that he and Ammons had children in common and that he "flipped her in between the sofa and the thing and hit her about three times." However, Appellant contends that this was done in self-defense. By claiming self-defense, Appellant "`concedes [that] he had the purpose to commit the act, but asserts that he was justified in his actions.'" State v.Howe (July 25, 2001), 9th Dist. No. 00CA007732, at *2, quoting State v.Barnd (1993), 85 Ohio App.3d 245, 260. Appellant had the burden at trial to prove self-defense by a preponderance of the evidence. Howe, supra, at *2. To meet this burden, Appellant must have demonstrated
 "`(1) that he was not at fault in creating the situation giving rise to the affray, (2) that he had a bona fide belief that he was in imminent *Page 5 
danger of death or great bodily harm and that his only means of escape from such danger was in the use of deadly force, and (3) that he did not violate any duty to retreat or avoid the danger.'" State v. Rust, 9th Dist. No. 23165, 2007-Ohio-50, at ¶ 10, quoting State v. Caldwell (1992), 79 Ohio App.3d 667, 679.
 {¶ 8} In the present case, the jury was presented with conflicting evidence. Ammons testified that she grabbed a knife from the kitchen after Appellant hit her because she "didn't know if he was going back after me again." Appellant testified that Ammons threw two steel ashtrays at him then "the next thing [I] knew, she went in my kitchen, grabbed this big — got like those butcher knives[.]" Appellant testified that Ammons ran at him with the knife in one hand, and scratched him across the face with the other hand. He also stated that Ammons made stabbing motions at the couch on which he was sitting. According to Appellant, he pushed Ammons down and hit her in order to get the knife away from her. He testified that after he hit her, Ammons dropped the knife and he was able to put it away. Appellant testified that he had been drinking for most of the day leading up to the incident. On rebuttal, Ammons denied taking the knife and charging at Appellant in an attempt to cut him. She also denied stabbing at the couch.
 {¶ 9} We have held that, "in reaching its verdict, the jury is free to believe, all, part, or none of the testimony of each witness."Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 35, citing State v. Jackson (1993), 86 Ohio App.3d 29, 33. As the finder of fact, the jury was entitled to reconcile any *Page 6 
differences and inconsistencies in the testimony and determine that the manifest weight of the evidence supported a finding of guilt. SeeState v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Thus, this Court will defer to the factfinder's judgment on matters of credibility. State v. Young, 9th Dist. No. 22636,2006-Ohio-68, at ¶ 35, citing State v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at *6.
 {¶ 10} In the present case, Appellant admitted to hitting and injuring Ammons. He claimed that this was done in self-defense. It was up the jury to determine the credibility of Ammons and Appellant and to decide which witness to believe. "This Court will not overturn a conviction because the jury chose to believe the testimony offered by the prosecution." State v. Tobey, 9th Dist. No. 05CA0103-M, 2006-Ohio-5069, at ¶ 27.
 {¶ 11} After a review of the record, this Court cannot conclude that the jury created a manifest miscarriage of justice in finding Appellant guilty of domestic violence and disbelieving Appellant's self-defense claim. Accordingly, Appellant's sole assignment of error is overruled.
 III {¶ 12} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., DICKINSON, J., CONCUR *Page 1