[Cite as *State ex rel. Simmons v. Stormer*, 2019-Ohio-3875.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. JOHN
SIMMONS

     Relator

     v.

JUDGE ELINORE MARSH STORMER

     Respondent

C.A. No.     29440

ORIGINAL ACTION IN
MANDAMUS

Dated: September 25, 2019

PER CURIAM.

{¶1} John Simmons has petitioned this Court for a writ of mandamus to compel Respondent, Judge Elinore Marsh Stormer, to resentence him in his Summit County criminal case, CR-2007-09-3003. Judge Breaux, the successor to Judge Stormer, has moved to dismiss. Mr. Simmons filed a response to the motion to dismiss. For the following reasons, this Court grants Judge Breaux's motion to dismiss.

{¶2} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The petitioner must demonstrate all three elements in order for this Court to grant the writ of mandamus. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief

can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000).

{¶3} Mr. Simmons' complaint alleges that he is entitled to a writ of mandamus compelling Judge Breaux to resentence him because his sentence is void and not final. Judge Breaux responded that Mr. Simmons had moved to be resentenced in May 2018 and she denied his motion in July 2018. Mr. Simmons attempted to appeal that denial, but his appeal was dismissed as untimely.

{¶4} According to Judge Breaux's motion to dismiss, a review of the trial court docket, and Mr. Simmons' response to the motion to dismiss, Judge Breaux denied Mr. Simmons' motion for resentencing. That motion raised the same issues he has asserted in this action. Mr. Simmons' could have appealed Judge Breaux's denial of his motion to resentence. In fact, Judge Breaux's response, and the trial court docket, show that he attempted to appeal, but his notice of appeal was untimely.

{¶5} Although it appears this matter is moot, we also consider Judge Breaux's motion to dismiss for failure to state a claim on which relief can be granted. Mr. Simmons has alleged that Judge Breaux has a duty to sentence him to provide him with a final, appealable order. He contends the judgment of conviction is not final for three reasons: (1) the trial court erred when it imposed one period of postrelease control for two offenses,

(2) the trial court exceeded the scope of the Ohio Supreme Court's remand when it changed the term of his sentence from 10 years to 20 years, and (3) the trial court failed to include the findings required for consecutive sentences pursuant to R.C. 2929.14.

{¶6} None of Mr. Simmons' arguments, even if correct, would render his sentence void or nonfinal. First, this Court has recognized that, if a court imposes sentence for multiple convictions, its "imposition of one term of postrelease control is proper." *State v. Kracker*, 9th Dist. Summit No. 25315, 2010-Ohio-5329, ¶ 6; *see* R.C. 2967.28(F)(4)(c) ("If an offender is subject to more than one period of post-release control, the period * * * for all of the sentences shall be the period * * * that expires last[.]"). Second, if the resentencing exceeded the scope of the Supreme Court's remand, that error should have been raised on appeal. Finally, any error regarding imposition of consecutive sentences should have been raised on appeal.

{¶7} With respect to alleged legal errors, it is well-established that mandamus cannot be used as a substitute for appeal to challenge a trial court's actions. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 11. Appeal from an adverse judgment constitutes an adequate remedy in the ordinary course of law. *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, ¶ 5. Thus, to the extent the trial court committed any error, appeal provided an adequate remedy to assert those claimed errors, and mandamus is not an appropriate remedy. *See, e.g., State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, ¶ 5.

{¶8} Mr. Simmons has also argued that the Ohio Supreme Court has held that if a trial court refuses to resentence, then mandamus provides the appropriate remedy. The

cases he cited for this proposition involved situations where the trial court refused to act. Here, Judge Breaux actually denied his motion to resentence. Judge Breaux did not refuse to act and mandamus relief is not warranted under these circumstances.

{¶9} Even if all of the factual allegations of Mr. Simmons' complaint are presumed true, and all reasonable inferences are made in his favor, it appears beyond doubt that Mr. Simmons cannot demonstrate that he is entitled to a writ of mandamus. Judge Breaux's motion to dismiss is, therefore, granted.

{¶10} The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Simmons. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHNS SIMMONS, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting