[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Simmons v. Breaux*, Slip Opinion No. 2020-Ohio-3251.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3251

THE STATE EX REL. SIMMONS, APPELLANT, *v.* BREAUX, JUDGE,[1] APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Simmons v. Breaux*, Slip Opinion No. 2020-Ohio-3251.]**

*Mandamus—Inmate had adequate remedy at law to assert his claims by way of appeal—Court of appeals' dismissal of petition affirmed.*

(No. 2019-1464—Submitted April 7, 2020—Decided June 10, 2020.)

APPEAL from the Court of Appeals for Summit County, No. 29440, 2019-Ohio-3875.

_____

**Per Curiam.**

{¶ 1} Appellant, John Simmons, appeals the judgment of the Ninth District Court of Appeals dismissing his petition for a writ of mandamus against appellee, Summit County Court of Common Pleas Judge Alison M. Breaux.  We affirm.

_____

1. Under S.Ct.Prac.R. 4.06(B), Judge Alison M. Breaux is automatically substituted for Judge Elinor Marsh Stormer as a party to this action.

**Background**

{¶ 2} In February 2008, Simmons was found guilty of one count of rape with a repeat-violent-offender specification and one count of domestic violence. The trial court imposed the following prison sentences: ten years for the rape conviction, five years for the specification, and five years for the domestic-violence conviction. The trial court's sentencing entry ordered that "[t]he imposed sentences and specification are to be served *consecutively* with each other for a total of *Ten (10)* years." (Emphasis added.)

{¶ 3} On direct appeal, the Ninth District Court of Appeals affirmed the convictions and sentences. The court of appeals determined that Simmons "was sentenced to a total of 20 years of incarceration." *State v. Simmons*, 9th Dist. Summit No. 24218, 2009-Ohio-1495, ¶ 4. In other words, the court of appeals corrected the inconsistency in the sentencing entry by concluding that the trial court had intended the sentences to run consecutively but made a typographical error when it imposed the aggregate sentence. The court of appeals' reading of the sentencing entry was reasonable, because if the trial court had intended that the sentences run concurrently, it would have imposed an aggregate sentence of 15 years, not 10 years. Pursuant to former R.C. 2929.14(D)(2)(a), now R.C. 2929.14(B)(2), Simmons was required to serve the five-year term for the repeat-violent-offender specification before serving the ten-year term for the rape conviction, irrespective of whether the sentences for rape and domestic violence had been ordered to run concurrently or consecutively. *See State v. Robinson*, 5th Dist. Muskingum No. CT2018-0016, 2018-Ohio-5381, ¶ 26; *State v. Chinn*, 10th Dist. Franklin No. 16AP-602, 2017-Ohio-8546, ¶ 25.

{¶ 4} On further appeal, we summarily vacated the judgments of the trial court and court of appeals and remanded the case to the trial court for resentencing. *See State v. Simmons*, 123 Ohio St.3d 1491, 2009-Ohio-6015, 916 N.E.2d 1072.

{¶ 5} On January 15, 2010, the trial court held a new sentencing hearing. The trial court then issued a new sentencing entry, imposing the same sentence for each conviction and the specification, again ordering them to be served consecutively. But the new sentencing entry specifically stated that the aggregate sentence was 20 years in prison.

{¶ 6} On May 18, 2018, Simmons filed a "motion to correct void sentence" in the trial court. He argued that the trial court had exceeded the scope of this court's remand order when it allegedly imposed a harsher sentence than it had imposed in the original sentencing entry. The trial court denied the motion.[2]

{¶ 7} On June 13, 2019, Simmons filed an original action in the Ninth District Court of Appeals seeking a writ of mandamus to compel the trial court to conduct a new sentencing hearing. He argued that the 2010 sentencing entry was void for three reasons: (1) the trial court improperly "lumped" the sentences together when imposing postrelease control, (2) the trial court exceeded the scope of its jurisdiction on remand, and (3) the trial court failed to make the statutorily required findings before imposing consecutive sentences. Judge Breaux, as the successor to Judge Stormer, filed a motion to dismiss, which Simmons opposed.

{¶ 8} On September 25, 2019, the court of appeals granted the motion to dismiss. The court of appeals held that what Simmons called "lumping"— imposing a single term of postrelease control for multiple convictions—was correct. 2019-Ohio-3875, ¶ 6. In any event, the court held, a writ of mandamus is not available with respect to the alleged sentencing errors because Simmons had an adequate remedy at law by way of appeal. *Id*. at ¶ 6-7.

{¶ 9} Simmons timely appealed.

---

2. Simmons's mandamus petition does not indicate the disposition of this motion, but as noted below, he now concedes that the trial court denied the motion in July 2018.

**Legal Analysis**

{¶ 10} In reviewing the court of appeals' dismissal of Simmons's petition, we accept the factual allegations in the complaint as true. *State ex rel. Sands v. Culotta*, 158 Ohio St.3d 1, 2019-Ohio-3784, 139 N.E.3d 849, ¶ 2. A court may dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. This court reviews dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

{¶ 11} Simmons's first two propositions of law challenge the court of appeals' conclusion that he had an adequate remedy at law to assert his claims by way of appeal. He correctly notes that mandamus (or procedendo) may lie when a defendant files a motion and the trial court fails or refuses to rule on the motion at all. *See, e.g., State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5 ("As a general matter, procedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment"). But he concedes in his merit brief that the trial court denied his motion for a new sentencing entry on July 7, 2018. Therefore, to the extent that he is merely seeking to compel the trial court to rule on the motion, his claim is moot. *See State ex rel. Eubank v. McDonald*, 135 Ohio St.3d 186, 2013-Ohio-72, 985 N.E.2d 463, ¶ 1 ("Mandamus will not lie to compel an act that has already been performed").

{¶ 12} Alternatively, Simmons argues that the trial court's refusal to issue a new sentencing entry left him without a final, appealable order, leaving a mandamus action as his only remedy. But the denial of a motion for a new sentencing entry is itself a final, appealable order, and Simmons is therefore not

entitled to mandamus relief because he had an adequate remedy at law by way of an appeal from the trial court's denial of his motion. *State ex rel. Henley v. Langer*, 156 Ohio St.3d 149, 2018-Ohio-5204, 123 N.E.3d 1016, ¶ 6; *see also State ex rel. Jefferson v. Russo*, __ Ohio St.3d __, 2020-Ohio-338, __ N.E.3d __, ¶ 11 (holding that an appeal of the denial of a motion to vacate a void sentence is an adequate remedy in the ordinary course of the law).

{¶ 13} Simmons also challenges the appealability of the 2010 sentencing entry based on the aforementioned alleged "lumping" error. Here again, the remedy for any alleged sentencing error is an appeal, not mandamus. *See State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5 ("Sentencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ").

{¶ 14} Simmons's first two propositions of law therefore lack merit.

{¶ 15} As his third proposition of law, Simmons contends that the 2010 sentencing entry is void because the trial court exceeded the scope of this court's remand order. The court of appeals rejected this claim as an inappropriate basis for mandamus, concluding that the claim "should have been raised on appeal." 2019-Ohio-3875 at ¶ 6.

{¶ 16} A writ of mandamus "is an appropriate remedy to require a lower court to comply with an appellate court's mandate directed to that court." *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 100, 647 N.E.2d 792 (1995). But the use of a writ of mandamus to enforce such a mandate "is reserved for extreme cases of direct disobedience." *State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407, ¶ 12. For example, in *Heck*, the trial court had repeatedly dismissed a criminal charge of ethnic intimidation on the grounds that the statute was unconstitutional—and it did so even after we declared the statute constitutional and remanded the case for a new trial. *Heck* at 103-104; *see Cowan* at ¶ 13 (describing and distinguishing *Heck*). In *Cowan*, by contrast, we denied a

writ of mandamus because the trial court had not disobeyed the mandate of the court of appeals; it had tried to abide by that mandate but simply failed in one respect. *Id*. at ¶ 14 (noting that the trial court had complied with the mandate to conduct a new sentencing hearing but erroneously failed to address postrelease control at the hearing).

{¶ 17} In this case, as in *Cowan*, the trial court did not disobey any mandate. The trial court was ordered to conduct a new sentencing hearing to correct its imposition of postrelease control, and it did so. And in the process of doing so, it took the opportunity to correct an error in the original sentencing entry, which had imposed an aggregate prison term of 10 years when an aggregate term of 20 years was intended. Mandamus will not issue under such circumstances, and Simmons's third proposition of law therefore lacks merit.

{¶ 18} As his fourth proposition of law, Simmons argues that his sentences should run concurrently because the trial court failed to make the statutorily required findings before imposing consecutive sentences. The court of appeals correctly held that this claim is not cognizable in mandamus because Simmons's remedy from any alleged error in the 2010 sentencing entry was a direct appeal. *See State ex rel. Cowell v. Croce*, 157 Ohio St.3d 103, 2019-Ohio-2844, 131 N.E.3d 934, ¶ 5 (affirming denial of writ of mandamus to inmate arguing that trial court ran sentences consecutively without making statutorily required findings).

{¶ 19} Finally, Simmons attempts to raise a claim of plain error relating to his rape conviction. Specifically, he alleges that the state failed to prove all the elements of rape because (he claims) there was evidence that his sexual conduct with the victim was consensual. Mandamus is not available to challenge the sufficiency of the evidence, because here again, a defendant has an adequate remedy at law by way of appeal. *State ex rel. Sands v. Court of Common Pleas Judge*, 155 Ohio St.3d 238, 2018-Ohio-4245, 120 N.E.3d 799, ¶ 9-10. And even if such a remedy *were* available, Simmons waived the issue by failing to raise it in his

petition. *See Drake v. Tyson-Parker*, 101 Ohio St.3d 210, 2004-Ohio-711, 803 N.E.2d 811, ¶ 6.

{¶ 20} For these reasons, the court of appeals correctly dismissed Simmons's petition, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

John Simmons, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

_____