[Cite as *State ex rel. Covington v. Woods*, 2021-Ohio-2248.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Venesia A. Covington, | : | |
| [Relator], | : | |
| v. | : | No. 20AP-582 |
| Judge William H. Woods [Judge Kimberly Cocroft], | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on June 30, 2021

**On brief:** *Venesia Covington*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Bryan B. Lee*, for respondent.

IN PROCEDENDO

DORRIAN, P.J.

{¶ 1} In this original action, relator, Venesia A. Covington, pro se, requests a writ of procedendo directed to respondent, Judge William H. Woods, a judge with the Franklin County Court of Common Pleas. Relator alleges respondent has failed to sign and enter an entry relator submitted granting default judgment and ordering a judgment debtor examination.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondent's motion to dismiss and dismiss this action.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein. Accordingly, respondent's motion to dismiss is granted, and relator's complaint for a writ of procedendo is dismissed.

*Motion to dismiss granted;*
*action dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Venesia A. Covington, | : | |
| [Relator] | : | |
| v. | : | No. 20AP-582 |
| Judge William H. Woods | : | |
| [Judge Kimberly Cocroft], | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 4, 2021

*Venesia A. Covington,* pro se.

[*G. Gary Tyack*], Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}   Relator, Venesia A. Covington, filed a complaint in this court seeking a writ of procedendo directed to Judge William H. Woods of the Franklin County Court of Common Pleas.  Relator is aggrieved by respondent's alleged failure to sign and enter an entry submitted by relator granting default judgment and ordering a judgment debtor examination.

Findings of Fact:

{¶ 6}   1.  Relator filed her complaint in this court on December 17, 2020 seeking a writ of procedendo directed to Judge William H. Woods of the Franklin County Court of Common Pleas, General Division, in Franklin C.P. No. 20CV-6484.

{¶ 7}   2. Judge Woods filed on January 12, 2021 a motion to dismiss relator's procedendo complaint for failure to state a claim.

{¶ 8}   3. Relator has not filed a response to the motion to dismiss.

{¶ 9}   4. Relator is the plaintiff in Franklin C.P. No. 20CV-6484. Relator filed her complaint in that case on October 1, 2020. The case was originally assigned to Judge Woods.

{¶ 10}   5. Relator filed a motion for default judgment in Franklin C.P. No. 20CV-6484 on November 8, 2020, asserting that all defendants were in default of answer and she was entitled to judgment in the amount of $795,000 plus fees and statutory interest.

{¶ 11}   6. The defendants in Franklin C.P. No. 20CV-6484 filed on November 20, 2020 a memorandum contra relator's motion for default judgment, asserting, inter alia, a failure of service. The defendants also filed a motion for leave to answer instanter and a proposed answer.

{¶ 12}   7. Relator's procedendo complaint asserts that in connection with her motion for default judgment, she submitted on December 8, 2020 a proposed entry for signature by Judge Wood, granting default judgment in her favor and ordering a judgment debtor examination. The common pleas docket does not reflect the filing described.

{¶ 13}   8. As of the commencement of relator's procedendo action in this court on December 17, 2020, the common pleas court had not ruled on relator's motion for default judgment or the defendants' motion for leave to file an answer in Franklin C.P. No. 20CV-6484.

{¶ 14}   9. In the interval between commencement of relator's procedendo action and this decision, Judge Woods filed on December 23, 2020 a request for recusal in Franklin C.P. No. 20CV-6484 because relator had named him as a defendant in another civil case. On the same date, Franklin C.P. No. 20CV-6484 was transferred to Judge Kimberly Cocroft.

{¶ 15}   10. In addition to his recusal from the matter, Judge Woods' term of office expired on December 31, 2020, and he no longer holds an elected seat on the common pleas court.

{¶ 16}   11. Judge Cocroft entered an order on January 29, 2021 in Franklin C.P. No. 20CV-6484 denying default judgment and deeming the answer filed.

Discussion and Conclusions of Law:

{¶ 17} The magistrate first notes that Judge Cocroft is substituted as respondent in this action pursuant to Civ.R. 25(D)(1), and the motion to dismiss filed under Judge Woods' name is deemed filed on behalf of Judge Cocroft in her capacity as successor judge in Franklin C.P. No. 20CV-6484. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 6; *State ex rel. Neguse v. McIntosh*, 115 Ohio St.3d 216, 2007-Ohio-4788, ¶ 4; *State ex rel. Slater v. Gallagher*, 8th Dist. No. 106974, 2018-Ohio-1742, ¶ 1, fn. 1; *see also*, *State ex rel. Simmons v. Breaux*, 160 Ohio St.3d 223, 2020-Ohio-3251 (Applying S.Ct.Prac.R. 4.06(B) to the same effect.).

{¶ 18} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint itself and any documents attached thereto. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7.

{¶ 19} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the respondent court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64-65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a

pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994). Procedendo, however, is limited to an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461-62 (1995); *State ex rel. Brime v. McIntosh*, 10th Dist. No. 19AP-70, 2019-Ohio-4019, ¶ 25-29.

{¶ 20} To address the issues raised in respondent's motion to dismiss, the magistrate takes judicial notice of the pleadings and orders in the common pleas court, as these are not subject to reasonable dispute insofar as their impact on the present case. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald,* 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. The record so noticed may establish mootness or other jurisdictional defects as a basis for dismissal of the complaint. *State ex rel. Hibbler v. O'Neill*, 159 Ohio St.3d 566, 2020-Ohio-1070.

{¶ 21} A writ of procedendo will not " 'compel the performance of a duty that has already been performed.' " *State ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, at ¶ 6, quoting *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000); *State ex rel. Banks v. Miller*, 10th Dist. No. 04AP-928, 2005-Ohio-2207, ¶ 3. The common pleas court has ruled on relator's motion for default judgment, and the action for a writ is now moot. For that reason, it is the decision and recommendation of the magistrate that this court grant respondent's motion and dismiss relator's complaint for failure to state a claim.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).