[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Patterson v. Starn*, Slip Opinion No. 2026-Ohio-627.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-627

THE STATE EX REL. PATTERSON, APPELLANT, *v.* STARN, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Patterson v. Starn*, Slip Opinion No. 2026-Ohio-627.]**

*Mandamus—Appellant's complaint makes clear that he did not lack an adequate remedy in ordinary course of law to challenge trial court's dismissal of his motion to correct judgment of conviction without holding second resentencing hearing—State ex rel. Hess v. Kessler distinguished—Court of appeals' dismissal of complaint affirmed.*

(No. 2025-1014—Submitted November 18, 2025—Decided February 26, 2026.)

APPEAL from the Court of Appeals for Hancock County, No. 5-25-05.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Cornelius Patterson Jr., appeals the judgment of the Third District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, Judge Jonathan P. Starn of the Hancock County Court of Common Pleas. Patterson requested a writ compelling Judge Starn to comply with a mandate issued by the Third District in a separate proceeding in 2020. Judge Starn moved to dismiss Patterson's complaint, and the Third District granted that motion, concluding that Patterson had possessed an adequate remedy in the ordinary course of the law and that his mandamus claim was barred by the doctrine of res judicata.

{¶ 2} Because the Third District correctly determined that Patterson had possessed an adequate remedy in the ordinary course of the law, we affirm its judgment dismissing his complaint for a writ of mandamus.

## I. FACTS AND PROCEDURAL HISTORY

### A. Patterson's convictions and subsequent proceedings

{¶ 3} In 2011, Patterson was convicted of four felonies in the Hancock County Court of Common Pleas and was sentenced to a maximum term of life in prison. In 2019, he filed in the trial court a pro se motion seeking to correct the judgment, which he argued was void for failing to include proper notification of postrelease control. The court granted Patterson's motion, held a resentencing hearing, and journalized a judgment correcting the postrelease-control notification.

{¶ 4} Patterson nevertheless appealed, arguing that the trial court had violated his constitutional rights in the course of resentencing when it denied his request "to consult with counsel" regarding the postrelease-control sanction. The Third District agreed that the trial court had infringed Patterson's right to counsel under the Sixth Amendment to the United States Constitution, reversed the judgment, and remanded the matter to the trial court. *State v. Patterson*, 2020-Ohio-1437, ¶ 19-21 (3d Dist.) ("*Patterson I*"). On remand, the trial court scheduled

the matter for another resentencing hearing and permitted Patterson to be represented by appellate counsel.

{¶ 5} While the matter was still pending on remand and before the trial court held the second resentencing hearing, we issued our decision in *State v. Harper*, 2020-Ohio-2913. In *Harper*, we held that an error in the imposition of postrelease control renders a judgment merely voidable, rather than void, and we explained that a claim asserting such an error—like other sentencing claims—is barred by the doctrine of res judicata if not raised by timely objection on direct appeal of the sentence. *Id.* at ¶ 40-41.

{¶ 6} On the authority of *Harper*, the trial court sua sponte dismissed Patterson's motion to correct the judgment without holding the second resentencing hearing. Patterson again appealed, arguing that the trial court had violated the law-of-the-case doctrine and failed to obey the Third District's mandate by refusing to hold the second resentencing hearing as scheduled. The Third District rejected Patterson's argument, holding that the trial court had complied with the remand order and that even if the trial court had erred in refusing to hold the second resentencing hearing, it was in any event bound to follow *Harper*. *State v. Patterson*, 2021-Ohio-1237, ¶ 20-22 (3d Dist.) ("*Patterson II*").

### B. Patterson's request for a writ of mandamus

{¶ 7} Patterson filed this action on February 19, 2025, naming Judge Starn as respondent and asking the Third District to grant a writ of mandamus compelling Judge Starn to comply with the Third District's mandate in *Patterson I* by holding a second resentencing hearing and affording Patterson counsel at that hearing. Judge Starn moved to dismiss Patterson's complaint, arguing that the Third District had already determined that the trial court complied with *Patterson I* and that Patterson had both possessed and exercised an adequate remedy in the ordinary course of the law by appealing the trial court's postremand dismissal.

**{¶ 8}** The Third District dismissed Patterson's mandamus action, reasoning that he had possessed an adequate remedy in the ordinary course of the law in that he could have asserted the postrelease-control error when directly appealing his convictions and, further, that his request for a writ of mandamus was barred by the doctrine of res judicata.

**{¶ 9}** Patterson now appeals to this court as of right.

## II. ANALYSIS

**{¶ 10}** A motion to dismiss under Civ.R. 12(B)(6) is "procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9. The allegations in the complaint must be taken as true, reasonable inferences must be drawn in favor of the nonmoving party, and the motion may be granted only if it appears "'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" *Id.*, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Sands v. Coulson*, 2021-Ohio-671, ¶ 6.

**{¶ 11}** To be entitled to the requested writ of mandamus, Patterson must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Starn to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex. rel. Husted v. Brunner*, 2009-Ohio-4805, ¶ 11. As explained below, because Patterson's complaint makes clear that he did not lack an adequate remedy in the ordinary course of the law, we affirm the Third District's dismissal of the complaint.

**{¶ 12}** The availability of direct appeal generally constitutes an adequate remedy that will preclude extraordinary relief in mandamus, even if an appeal is not taken. *See State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.*, 1992-Ohio-126, ¶ 11, quoting *State ex rel. Cartmell v. Dorrian*, 11 Ohio St.3d 177, 178 (1984) ("'The fact that [the] appellant failed to timely pursue his right of appeal

does not make that remedy inadequate.'"). Therefore, a party who actually exercises the remedy of appeal may not later seek mandamus relief, even if that appeal was unsuccessful. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 1995-Ohio-215, ¶ 17, quoting *State ex rel. Inland Properties Co. v. Eighth Dist. Court of Appeals*, 151 Ohio St. 174, 176 (1949) ("'Where a plain and adequate remedy at law has been unsuccessfully invoked, the extraordinary writ of mandamus will not lie either to relitigate the same question or as a substitute for appeal.'").

{¶ 13} In this mandamus action, Patterson seeks an order compelling Judge Starn to comply with the court of appeals' mandate in *Patterson I*. In his complaint, however, Patterson explicitly alleges that he directly appealed the trial court's dismissal, seeking the same relief he now attempts to secure in mandamus. Thus, he possessed an adequate remedy in the ordinary course of the law; the fact that *Patterson II* was decided unfavorably to Patterson does not affect the adequacy of that remedy, *Nichols* at ¶ 17.

{¶ 14} Patterson's argument to the contrary lacks merit. He points to *State ex rel. Heck v. Kessler*, 1995-Ohio-304, for the proposition that appeal is not an adequate remedy when a lower court has refused to follow a superior court's mandate. This argument fails, however, because "the use of a writ of mandamus to enforce such a mandate 'is reserved for extreme cases of direct disobedience,'" *State ex rel. Simmons v. Breaux*, 2020-Ohio-3251, ¶ 16, quoting *State ex rel. Cowan v. Gallagher*, 2018-Ohio-1463, ¶ 12. Patterson's complaint alleges no such direct disobedience.

{¶ 15} Indeed, *Heck* is easily distinguished from this case. In *Heck*, the respondent trial-court judge twice dismissed a criminal charge of ethnic intimidation on the grounds that the statute defining that offense was unconstitutional—the second time after this court declared the statute constitutional and remanded the case for a new trial. *Heck* at ¶ 1-5. The State appealed the

postremand dismissal, but it also filed an extraordinary-writ action in this court, and the court of appeals stayed the appeal pending resolution of the writ action. *Id.* at ¶ 5-6. This court held in the writ case that the availability of interlocutory appeal did not preclude relief in mandamus, because holding otherwise "might lead to the result of a lower court perpetually refusing a superior court's mandate, necessitating repeated, ineffective appeals." *Id.* at ¶ 14. That is, a mandamus action was "'the only means available to . . . put teeth into'" the superior court's mandate. *Id.* at ¶ 13, quoting *Hewitt v. Ryan*, 356 N.W.2d 230, 234 (Iowa 1984).

{¶ 16} In contrast, here, Patterson timely appealed the trial court's dismissal, and the Third District held that, although the trial court ultimately dismissed the matter before holding the second resentencing hearing, the trial court *had complied with the Third District's mandate* in *Patterson I* by scheduling the hearing and permitting Patterson to be represented. *Patterson II*, 2021-Ohio-1237, at ¶ 19 (3d Dist.) ("we conclude that the trial court had complied with our remand order"). Thus, Patterson's complaint does not raise the specter of "repeated, ineffective appeals" that led us in *Heck* to hold that appeal in that case would not be a "complete . . . , beneficial and speedy" remedy, *Heck* at ¶ 13-14; *see also Simmons* at ¶ 17 (affirming dismissal of mandamus petition when the trial court had "not disobey[ed] any mandate").

{¶ 17} Because the facts alleged in Patterson's complaint show as a matter of law that he is not entitled to a writ of mandamus, the Third District did not err in dismissing the complaint. Patterson possessed an adequate remedy in the ordinary course of the law to challenge the action from which he now seeks extraordinary relief, and he may not now use a mandamus action "'as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue,'" *State ex rel. Peoples v. Johnson*, 2017-Ohio-9140, ¶ 11, quoting *State ex rel. LTV Steel Co. v. Gwin*, 1992-Ohio-20, ¶ 15. Because the judgment may be affirmed on

this basis alone, we need not consider whether the Third District's dismissal on the alternative basis of res judicata was proper.

### III. CONCLUSION

{¶ 18} For these reasons, we affirm the Third District Court of Appeals' judgment dismissing Patterson's complaint.

Judgment affirmed.

_____

Cornelius Patterson Jr., pro se.

Montgomery Johnson, L.L.C., and Cooper D. Bowen, for appellee.

_____