**[Cite as *State v. Burks*, 2021-Ohio-224.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-70 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-663 |
| | : | |
| RICHARD E. BURKS, IV | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 29th day of January, 2021.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

JULIA B. PEPPO, Atty. Reg. No. 0037172, 117 South Main Street, Suite 400, Dayton, Ohio 45422
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant Richard E. Burks, IV, appeals from his conviction on his guilty plea for discharge of a firearm on or near a prohibited premises and receiving stolen property. Specifically, he challenges the imposition of maximum and consecutive sentences by the trial court. Finding no error, the trial court's judgment will be affirmed.

{¶ 2} Burks's offenses arose from an argument between Burks and the mother of his child. During the argument, Burks retrieved a stolen gun and then fired the gun as the woman drove away. Burks was sentenced to community control sanctions (CCS). The trial court imposed a 36-month alternate sentence on the discharge of a firearm offense and an 18-month alternate sentence on receiving stolen property. The trial court ordered that, if imposed, the sentences were to be served consecutively. The trial court did not make the necessary consecutive sentence findings at the sentencing hearing.

{¶ 3} Burks subsequently violated certain conditions of his CCS, which he admitted. The trial court revoked the CCS and sentenced Burks to the alternate sentences it had previously set forth: a 36-month prison term for discharge of a firearm and an 18-month prison term for receiving stolen property, to be served consecutively. But the trial court did not make the required consecutive sentence findings. On appeal, the State conceded error, and we reversed and remanded to the trial court for a new sentencing hearing. *State v. Burks*, 2 Dist. Clark No. 2018-CA-57, 2019-Ohio-57.

{¶ 4} The trial court conducted a new sentencing hearing at which the same 36-month and 18-month prison terms were imposed, and the trial court again ordered that the sentences be served consecutively. This appeal followed.

**Analysis**

{¶ 5} Burks's sole assignment of error is as follows:

THE TRIAL COURT COMITTED (SIC) REVERSIBLE ERROR BY SENTENCING THE DEFENDANT-APPELLANT ON A REVOCATION OF HIS FELONY CASE TO MAXIMUM, CONSECUTIVE TERMS OF IMPRISONMENT ON BOTH CASES AND CONTRARY TO STATUTE ON FINDINGS THAT WERE NOT SUPPORTED BY THE RECORD.

**Maximum Sentences**

{¶ 6} The trial court sentenced Burks to the maximum 36-month prison term for discharging a firearm on or near a prohibited premises, a third-degree felony, and to the maximum 18-month prison term for receiving stolen property, a fourth-degree felony. Burks argues that, under R.C. 2929.11 and R.C. 2929.12, the imposed maximum sentences were clearly and convincingly not supported by the record. But, as discussed below, this is not the proper analysis.

{¶ 7} On December 18, 2020, the Ohio Supreme Court, in *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, clarified how an appellate court is to review a felony sentence under R.C. 2953.08(G)(2).[1] The Supreme Court ruled that R.C.

---

[1] R.C. 2953.08(G)(2) provides in pertinent part as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11[2] and R.C. 2929.12[3] because * * * R.C. 2929.11 and R.C. 2929.12 are not

---

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

[2] R.C. 2929.11 provides as follows:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

[3] R.C. 2929.12(A) provides as follows:

among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. This was a logical conclusion, because each statute requires a trial court's consideration but neither statute requires a trial court to make any findings before imposing a sentence.

{¶ 8} *State v. Jones* also confirms that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39.

{¶ 9} Turning, then, to the present case, the record reveals that the trial court considered R.C. 2929.11 and R.C. 2929.12. And the sentences, although maximum sentences, were not contrary to law. Under *Jones*, this ends the inquiry regarding the individual sentences. Thus, there is no basis upon which to modify or vacate either individual sentence.

### Consecutive Sentences

{¶ 10} R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if

---

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing. [Revised Code 2929.12(B)-(F) set forth factors a trial court is to consider when imposing a felony sentence.]

it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 11} In appeals "involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)].' " *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. "[W]here a trial court properly makes the findings mandated by R.C.

2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). *See also State v. Gwynne*, 156 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169.

{¶ 12} In this case, the trial court made the following R.C. 2929.14(C)(4) findings:

> The Court finds in reviewing the factors [that] consecutive sentences are necessary to protect the public from future crime and/or to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he poses to the public; and the Court finds the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant.

We cannot conclude by clear and convincing evidence that the record does not support these findings.

{¶ 13} The trial court noted that by discharging the stolen gun, even if he simply fired the gun into the air, as he asserts, Burks put others at risk in the surrounding residential neighborhood. Given this, we cannot conclude by clear and convincing evidence that consecutive sentences were not necessary to protect the public from future crime or that consecutive sentences were disproportionate to the seriousness of Burks's conduct and the danger he posed to the public. R.C. 2929.14(C)(4)(1) and (2). The trial court also noted Burks's criminal history, which included, among other offenses, a domestic violence conviction where Burks "punched the victim." Moreover, the trial court

noted that Burks had "a history of criminal convictions and ha[d] not responded favorably to the sanctions previously imposed." Based upon this history, we cannot conclude by clear and convincing evidence that the record did not support the trial court's R.C. 2929.14(C)(4)(3)(c) finding that Birks's "history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime * * *." Thus, the trial court's imposition of consecutive sentences will not be disturbed.

## Conclusion

{¶ 14} Burks's single assignment of error is overruled. The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

John M. Lintz
Julia B. Peppo
Hon. Richard J. O'Neill