[Cite as *State v. Miller*, 2021-Ohio-640.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  9-20-14

    v.

JERRY KEVIN MILLER,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 19-CR-425

Judgment Affirmed

Date of Decision:   March 8, 2021

APPEARANCES:

    *Todd A. Anderson* for Appellant

    *Nathan R. Heiser* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jerry Kevin Miller ("Miller"), appeals the April 21, 2020 judgment entry of sentence of the Marion County Court of Common Pleas Court. For the following reasons, we affirm.

{¶2} On October 9, 2019, the Marion County Grand Jury indicted Miller on 153 criminal charges, which included: three counts of Rape in violation of R.C. 2907.02(A)(2), all first-degree felonies; seven counts of Kidnapping in violation of R.C. 2905.01(A)(2), all first-degree felonies; seven counts of Kidnapping in violation of R.C. 2905.01(A)(4), all first-degree felonies; three counts of Sexual Battery in violation of R.C. 2907.03(A)(5), all third-degree felonies; six counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(1), all fourth-degree felonies; three counts of Importuning in violation of R.C. 2907.07(B)(1), all fifth-degree felonies; three counts of Disseminating Matter Harmful to Juvenile in violation of R.C. 2907.31(A)(1), all fifth-degree felonies; 21 counts of Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(1), all second-degree felonies; 51 Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(5), all fourth-degree felonies; 10 counts of Illegal Use of a Minor in a Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(1), all second-degree felonies; 23 counts of Illegal Use of a Minor in a Nudity Oriented Material or Performance in violation of R.C. 2907.323(A)(3), all fifth-degree

felonies; 10 counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), all third-degree felonies; five counts of Rape in violation of R.C. 2907.02(A)(1)(b), all first-degree felonies; and one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1), a fifth-degree felony.[1] (Doc. No. 1). The indictment included 14 Sexual Motivation Specifications under R.C. 2941.147. (*Id.*). Miller appeared for arraignment on October 15, 2019 and entered pleas of not guilty. (Doc. No. 5).

{¶3} On March 6, 2020, Miller entered into a plea bargain with the State and pled guilty to one count of Rape, a first-degree felony; one count of Illegal Use of a Minor in a Nudity-Oriented Material or performance, a second-degree felony; and one count of Gross Sexual Imposition, a third-degree felony.[2] (Doc. No. 59). The trial court accepted Miller's guilty plea, found him guilty, and ordered a presentence investigation ("PSI") and a sex-offender-risk assessment. (Doc. Nos. 59, 62, 63, 64).

{¶4} On April 20, 2020, the trial court dismissed the 150 remaining counts against Miller and sentenced him to 11 years in prison on the Rape conviction; eight years on the Illegal-Use-of-a-Minor-in-a-Nudity-Oriented-Material-or-

---

[1] Notwithstanding the 153-counts in the indictment, the facts presented involve a single minor-child victim (Miller's niece) identified as G.M. (Doc. No. 31); (PSI).

[2] Miller's Rape charge is from events occurring on or about February 23, 2016 through April 5, 2016, his Illegal-Use-of-a-Minor-in-a-Nudity-Oriented-Material-or-Performance charge stemmed from events that occurred on or about June 20, 2013 through June 5, 2014; and the genesis of Miller's Gross-Sexual-Imposition charge occurred sometime between May 31, 2013 through November 22, 2013. (Doc. Nos. 1, 31, 59, 68).

Performance conviction; and 60 months in prison on the Gross-Sexual-Imposition conviction. (Apr. 20, 2020 Tr. at 32-39); (Doc. No. 71). The trial court ordered Miller to serve all prison terms consecutively to one another for an aggregate prison term of 24 years.[3] (*Id.* at 36); (*Id.*).

{¶5} On May 18, 2020, Miller filed his notice of appeal and raises three assignments of error for our review, which we review together. (Doc. No. 74).

### Assignment of Error I

**The trial court erred as a matter of law in ordering Appellant to serve his sentences consecutively. *See* Judgment Entry of Sentencing (filed April 21, 2020).**

### Assignment of Error II

**The trial court abused its discretion in ordering Appellant to serve his sentences consecutively. *See* Judgment Entry of Sentencing (filed April 21, 2020).**

### Assignment of Error III

**The trial court abused its discretion in ordering Appellant to serve maximum sentences on each count. *See* Judgment Entry of Sentencing (filed April 21, 2020).**

{¶6} In his assignments of error, Miller argues that the trial court erred by imposing maximum, consecutive sentences. Specifically, under the first assignment of error, Miller argues that the trial court erred in ordering him to serve consecutive

---

[3] The trial court found Miller to be a Tier III sex offender advising him of his lifetime-registration requirements, and gave Miller 263 days' jail-time credit for time previously served in its judgment entry of sentence filed on April 21, 2020. (Apr. 20, 2020 Tr. at 27-31, 37); (Doc. No. 71). On May 14, 2020, the trial court journalized a *nunc pro tunc* judgment entry correcting a clerical error. (Doc. No. 73).

sentences on the basis that such sentences are not supported by the record and are therefore otherwise contrary to law under R.C. 2929.14(C)(4), (C)(4)(b), and (C)(4)(c). In the second assignment of error, he argues that the trial court abused its discretion in its findings under R.C. 2929.14(C)(4), (C)(4)(b), (C)(4)(c). And, in the third assignment of error, Miller asserts that the trial court's imposition of the maximum sentence for each offense is not supported by the record, and thus is otherwise contrary to law.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

*Maximum Sentences*

{¶8} First, we will address Miller's argument challenging the maximum term of imprisonment for his criminal offenses. "It is well-established that the statutes

governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20.

**{¶9}** In this case, Miller's Rape conviction carries a definite prison term of three to 11 years in prison; his Illegal-Use-of-a-Minor-in-a-Nudity-Oriented-Material-or-performance conviction carries a definite prison term of two to eight years in prison; and his Gross-Sexual-Imposition conviction carries a definite term of 12 months to 60 months in prison. R.C. 2907.02(A)(2), (B); R.C. 2907.323(A)(1), (B); R.C. 2907.05(A)(4), (C)(2); 2929.13(D)(1); 2929.14(A)(1)(b), (A)(2)(b), (A)(3)(a). Because the trial court sentenced Miller to 11 years in prison for the Rape conviction, eight years in prison as to the Illegal-

Use-of-a-Minor-in-a-Nudity-Oriented-Material-or-Performance conviction, and 60 months in prison on the Gross-Sexual-Imposition conviction, the trial court's sentence falls within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} Here, Miller does not dispute that the trial court considered the applicable sentencing factors under R.C. 2929.11 and R.C. 2929.12. Indeed, at Miller's sentencing hearing and in its sentencing entry, the trial court considered the sentencing factors set forth under R.C. 2929.11 and 2929.12. (Apr. 20, 2020 Tr. at 33-39); (Doc. No. 71). Instead, Miller argues that the record does not support the trial court's imposition of maximum sentences under the facts of the instant case.

{¶11} Appellate court review of a felony sentence under R.C. 2953.08(G)(2) was recently clarified by the Supreme Court of Ohio. *See State v. Jones*, ___Ohio St.3d ___, 2020-Ohio-6729, ¶ 39.[4] The Supreme Court determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence

---

[4] Because *Jones* was decided after the parties submitted their appellate briefs in this case, neither party has had the opportunity to address its applicability. However, *Jones* "does not change the law" but instead "clarifies existing law and precedents." *State v. Roberts*, 5th Dist. Richland No. 2020 CA 0035, 2021-Ohio-90, ¶ 81 (Jan. 19, 2021), fn. 2. Therefore, we elect to apply *Jones* to the instant case without the benefit of supplemental briefing.

under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. Hence, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *See id* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

{¶12} Moreover, in *Jones*, the Supreme Court concluded that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12," this court will no longer analyze whether those sentences are unsupported by the record. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. We simply determine whether those sentences are contrary to law. *See id.*

> A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes

and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

*Id*. citing *State v. Brown*, 2d Dist. Clark No. 2016-CA-53, 2017-Ohio-8416, ¶ 74; *see State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 65.

**{¶13}** The record before us demonstrates that the prison terms imposed by the trial court in this case are within the statutory range and that the trial court considered the statutory factors in R.C. 2929.11 and 2929.12. Consequently, we cannot conclude that Miller's sentence is clearly and convincingly contrary to law. *See State v. Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 9, ("Under *Jones*, this ends the inquiry regarding the individual sentences."); *see also D-Bey* at ¶ 75, citing *Jones* at ¶ 39.

*Consecutive Sentences*

**{¶14}** Next, we address Miller's arguments that the trial court erred by imposing consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶15} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), *or* (c) applies. (Emphasis added.) *Id.*; *Id.* Further, the trial court must state the required findings at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam

No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.  A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."  *Bonnell* at ¶ 37.

{¶16} In our review of the record we conclude that the trial court's 2929.14(C)(4) and (C)(4)(b) findings are supported by the record.  Here, the trial court explicitly considered the language of R.C. 2929.14(C)(4) and (C)(4)(b) when ordering its consecutive sentences.  (Apr. 20, 2020 Tr. at 35-37); (Doc. No. 71).  The record supports that Miller (who had a history of prior criminal convictions) sexually abused and exploited G.M. repeatedly over several years stemming from his role of transporting her from school.  (*Id.* at 10-13, 19-20); (PSI).  Moreover, even though the 153-count indictment involved just a single minor-child victim, the record supports that the victim's disclosure of Miller's criminal acts (upon her) led to information that Miller may have had other familial victims.  (PSI).  Further, G.M.'s victim-impact statement ("VIS") (made in open court through the victim advocate) detailed the enormity of the harm Miller caused to G.M as to whether Miller would sexually abuse her and how G.M. was re-victimized each time she saw Miller at family gatherings or had to hear about him from family members.  (*Id.* at 10-12).  Moreover, even after Miller stopped driving G.M. to school, she continued

to live in fear of him regarding if and when she would be abused by Miller again. (*Id.*).

{¶17} The trial court also received a VIS from the victim's advocate (on behalf of G.M.'s mother) about how Miller violated their trust and how Miller's actions have "torn [their] entire family apart". (*Id.*). (*See* Miller's Sentencing Memorandum filed Apr. 16, 2020, Exs. A, B, C, D, E, F, G, H, I, J). Further, the trial court considered G.M.'s father's statement (in the PSI) detailing Miller's sexual contact with G.M. at family gatherings where he dismissed Miller's sexual contact (with G.M.) as playful, but in hindsight, criminal.[5] (PSI).

{¶18} As to Miller's convictions, we note that Miller pleaded to three separate offenses (that are not allied offenses of similar import) that constitute "multiple offenses" for the purposes of the sentencing factors under R.C. 2929.14(C)(4)(b). Similarly, the separate offenses consist of distinct acts that occurred during "one or more courses of conduct" for the purposes of R.C. 2929.14(C)(4)(b). Consequently, we conclude these facts support the trial court's findings as to "course of conduct" and "great or unusual" harm under the factors set forth in R.C. 2929.14(C)(4)(b). *See State v. Smith*, 2d Dist. Montgomery No. 28265, 2019-Ohio-5015, ¶ 72 ("defendant's repeated sexual abuse of the same minor victim amounted to a 'course of conduct' justifying consecutive sentences").

---

[5] Importantly, Miller did not dispute the information contained in the PSI. *See* R.C. 2951.03(B)(2).

{¶19} Accordingly, we determine that the trial court's consecutive-sentence findings are supported by the record and are not otherwise contrary to law. Therefore, we cannot conclude that there is not clear and convincing evidence that Miller's sentences are not supported by the record or that his sentences are otherwise contrary to law.

{¶20} For these reasons, Miller's first, second, and third assignments of error are overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**