[Cite as *State v. Patterson*, 2021-Ohio-1237.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO.  5-20-32

    v.

CORNELIUS PATTERSON, JR.,

                                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2009 CR 218

Judgment Affirmed

Date of Decision:   April 12, 2021

APPEARANCES:

    *Michael H. Stahl* for Appellant

    *Phillip A. Riegle* for Appellee

**ZIMMERMAN, J.**

{¶1} This appeal, having been placed on the accelerated calendar, is *sua sponte* being assigned and considered on the regular calendar pursuant to Loc.R. 12(1). Under the authority of Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-appellant, Cornelius Patterson, Jr. ("Patterson"), appeals the September 30, 2020 judgment entry of the Hancock County Common Pleas Court. For the reasons that follow, we affirm.

{¶3} On October 27, 2009, the Hancock County Grand Jury indicted Patterson on four counts including: Count One of aggravated murder in violation of R.C. 2903.01(B), an unclassified felony; Count Two of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; Count Three of improperly discharging firearm at or into a habitation in violation of R.C. 2923.161(A)(1), a second-degree felony; and Count Four of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. (Doc. No. 1). The indictment included firearm specifications as to Counts One, Two, and Three under R.C. 2941.145. (*Id.*).

{¶4} The case proceeded to a jury trial on February 8-11 and 14-15, 2011. (Doc. Nos. 165, 170). On February 15, 2011, the jury found Patterson guilty of Counts One, Two, Three, and Four and the specifications as to Counts One, Two, and Three. (Doc. Nos. 158, 159, 160, 161). The trial court filed its judgment entry

of conviction on March 17, 2011. (170.). On April 21, 2011, the trial court sentenced Patterson to 30 years to life in prison as to Count One, a mandatory term of three years in prison as to the firearm specification in Count One, and a four-year prison term as to Count Four for an aggregate prison term of 37 years to life. (Doc. No. 172). For purposes of sentencing, the trial court merged Counts One, Two and Three. (*Id.*). The trial court filed its judgment entry of sentence on April 27, 2011. (*Id.*).[1]

{¶5} On December 26, 2018 and February 14, 2019, Patterson entered his notices of appearance as counsel, *pro se*, pursuant to *State v. Gibson*, 45 Ohio St.2d 366 (1976) and *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975). (Doc. Nos. 283, 284). Thereafter, Patterson filed motions in the trial court to correct a void judgment and to waive payment of a deposit and the imposition of court costs/fees.[2] (Doc. Nos. 285, 286). The State filed its memorandum in opposition to Patterson's motion to correct a void judgment. (Doc. Nos. 287, 288).

{¶6} The trial court granted Patterson's motion to correct a void judgment and scheduled a video-conferenced-resentencing hearing under R.C. 2929.191(C).[3]

---

[1] This court recited much of the factual and procedural background of this case in previous appeals, and we will not duplicate those efforts here. *See State v. Patterson*, 3d Dist. Hancock No. 05-11-15, 2012-Ohio-2839; *State v. Patterson*, Case No. 05-18-24 (which was voluntarily dismissed on December 20, 2018 upon Patterson's *pro se* motion).

[2] The trial court granted Patterson's motion to waive payment of deposit and imposition of court costs/fees on October 22, 2019. (Doc. No. 308).

[3] Arrangements were made to permit Patterson to participate in the hearing via video-conference equipment from the Marion Correctional Institution. (*See* Doc. No. 290).

(Doc. Nos. 290, 291). Thereafter, and on May 13, 2019, Patterson filed a motion to be personally present for the R.C. 2929.191(C) hearing "and to consult with counsel of giving statement [sic] to impose the postrelease control sanction", which was overruled by the trial court. (Doc. Nos. 292, 293, 298). The resentencing hearing occurred by video on June 27, 2019. (June 27, 2019 Tr. 1-34); (Doc. No. 312).

{¶7} On June 28, 2019, Patterson filed a motion for acquittal citing Crim.R. 29 arguing that there is insufficient evidence to support his convictions. (Doc. No. 294). The State filed a memorandum in opposition to Patterson's motion. (Doc. No. 297).

{¶8} On August 29, 2019, the trial court journalized its judgment entry of correction of postrelease-control notification. (Doc. No. 298). Patterson filed a notice of appeal on September 25, 2019 raising one assignment of error alleging that the trial court erred by failing to inquire and determine whether Patterson had changed his mind (as to self-representation) in open court at the video-conferenced resentencing hearing. (Doc. No. 301). While Patterson's appeal was pending, the trial court denied Patterson's motion for acquittal on November 18, 2019. (Doc. No. 311).

{¶9} Ultimately, we reversed the judgment of the trial court on April 13, 2020 and remanded the matter to the trial court for further proceedings consistent

with our opinion. *See State v. Patterson*, 3d Dist. Hancock No. 5-19-34, 2020-Ohio-1437.

{¶10} Upon remand, the trial court scheduled the matter for a video conferenced 2929.191(C) hearing in June 2020.[4] (Doc. No. 315). Patterson filed a motion to appear (personally) for the June hearing, which the trial court granted.[5] (Doc. Nos. 318, 321).

{¶11} On August 3, 2020, Patterson filed a second motion for acquittal under Crim.R. 29 identical to the motion he filed on June 28, 2019. (Doc. No. 325). (*See* Doc. No. 294).

{¶12} However, on September 30, 2020, the trial court issued its judgment entry dismissing Patterson's motion to correct a *void* judgment determining that, in light of the Ohio Supreme Court's decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, a hearing was no longer necessary because Patterson's motion was dismissed on the basis that it was *now* barred by the doctrine of *res judicata*. (Doc. No. 330). (*See* Doc. No. 290). The trial court then filed a second judgment entry

---

[4] At all times relevant to our remand order, Patterson's appellate counsel was acting also as trial counsel on remand. (*See* Doc. Nos. 315, 318, 321, 322). While the trial court's record contained no formal appointment notice, the trial court entertained motions filed by Patterson's counsel of record and served his counsel of record for all scheduled hearing notices. (*Id.*). Notably, Patterson did begin filing *pro se* motions without his counsel (whom the trial court served on the judgment entry ordering the date by which the memorandum in opposition was due) and later his counsel of record sought leave to withdraw (which the trial court granted). (Doc. Nos. 324, 325, 326, 327, 328).
[5] The trial court then vacated the June hearing, rescheduled the matter for September 17, 2020, and issued a judgment entry ordering the Hancock County Sheriff to convey Patterson for said hearing. (Doc. Nos. 321, 322).

the same day denying Patterson's second motion for acquittal. (Doc. No. 331). (*See* Doc. No. 325).

{¶13} Patterson filed his notice of appeal on October 23, 2020 raising two assignments of error for our review, which we will address separately.[6] (Doc. No. 332).

### Assignment of Error I

**The Trial Court erred and failed to follow this Court's Mandate when it *sua sponte* dismissed Mr. Patterson's motion to correct a void sentence after already having granted the motion and conducted a re-sentencing without the benefit of counsel.**

{¶14} In his first assignment of error, Patterson argues that the law-of-the-case doctrine from Patterson's 2020 appeal should be controlling. Specifically, Patterson argues that the trial court erred by failing to conduct a 2929.191(C) hearing on remand.

### *Standard of Review*

{¶15} Res judicata is defined as "[a] valid, final judgment rendered upon the merits [which] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in

---

[6] Patterson does not challenge the denial of his second motion for acquittal. (*See* Doc. Nos. 325, 331, 332).

Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Id.* at 381. Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." *Krahn v. Kinney*, 43 Ohio St.3d 103, 107 (1989), citing *Norwood v. McDonald*, 142 Ohio St. 299 (1943), paragraph one of the syllabus, *overruled in part on other grounds*, *Grava* at syllabus. Issue preclusion "precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.'" *Id.*, quoting *Goodson v. McDonough Power Equipment, Inc.*, 2 Ohio St.3d 193, 195 (1983). Similarly, the law-of-the-case doctrine states "legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, ¶ 1, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).

{¶16} The law-of-the-case doctrine "precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal." (Emphasis added.) *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405 (1996), citing *Beifuss v. Westerville Bd. of Edn.*, 37 Ohio St.3d 187, 191 (1988) and *Hawley v. Ritley*, 35 Ohio St.3d 157, 161 (1988). "New arguments are subject to issue preclusion, and are barred." *Id.* at 405. And, if the Supreme Court "refuses jurisdiction following the issuance of an opinion by a court of appeals, the court of appeals opinion becomes the law of the case." *Id.*, citing

*Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995). The rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 15, citing *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32 (1979). *See Giancola* at ¶ 14, citing *Hopkins* at ¶ 15. *See also* Section 3(B)(2), Article IV of the Ohio Constitution.

{¶17} The law of the case is considered a rule of practice, not a binding rule of substantive law. *Hubbard* at 404; *Nolan* at 3. Res judicata, on the other hand, is a substantive rule of law that applies to a final judgment. (Emphasis added.) *Hopkins* at ¶ 22, citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730 and 733 (1924), *overruled in part on other grounds*, *New York Life Ins. Co. v. Hosbrook*, 130 Ohio St. 101 (1935), paragraph two of the syllabus, and *Hart Steel Co. v. RR. Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, (1917) (concluding res judicata is "not a mere matter of practice or procedure").

{¶18} The Supreme Court of Ohio has previously explained that "the Ohio Constitution 'does not grant a court of common pleas jurisdiction to review a prior mandate of the court of appeals.'" *Giancola* at ¶ 15, citing *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, ¶ 32, quoting *State ex rel. Potain* at 32. *See* App.R. 27 ("A certified copy of the judgment shall constitute a

mandate."); S.Ct.Prac.R. 18.04(C); R.C. 2505.39 ("a court that reverses * * * [a] judgment of a lower court upon appeal * * * shall send a special mandated to the lower court for execution or further proceedings. The court to which such mandate is sent shall proceed as if the * * * judgment * * * had been rendered in it."). When, on remand, a trial court is confronted with substantially the same facts and issues as were involved in a prior appeal, the trial court is bound to adhere to the appellate court's determination of the applicable law absent extraordinary circumstances. *Nolan* at ¶ 3; *State ex rel. Pontain* at 32, (noting that an example of an extraordinary circumstance "would be where a holding of the Court of Appeals is inconsistent with an intervening decision by [the Supreme Court of Ohio]."). An *intervening change of law by a controlling authority* creates an exception to the applicability of the law-of-the-case doctrine. (Emphasis added.) *Hopkins* at ¶ 23. The intervening decision must state a rule of law *in conflict* with the appellate court's decision. (Emphasis added.) *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 183 (1995). Whether the law-of-the-case doctrine applies is a question of law. *Glasstetter v. Rehab. Servs. Comm.*, 10th Dist. No. 13AP-932, 2014-Ohio-3014, ¶ 27, citing *DeAscentisi v. Margello*, 10th Dist. No. 08AP-522, 2008-Ohio-6821, ¶ 12. We review questions of law under a de novo standard of review on appeal. *See Giancola* at ¶ 13.

*Analysis*

**{¶19}** Notably, our reversal and remand of Patterson's 2020 appeal was necessitated by the trial court's error in failing to inquire as to whether Patterson was abandoning self-representation, and thus seeking appointment of counsel for his R.C. 2929.191(C) hearing. *Patterson*, 2020-Ohio-1437, ¶ 19. Once the trial court scheduled the R.C. 2929.191(C) hearing and permitted Patterson's appointed appellate counsel to act as trial counsel, we conclude that the trial court had complied with our remand order. (*See* Doc. Nos. 315, 318, 321, 322, 324, 325, 326, 327, 328, 329). When we reversed the trial court in the 2020 appeal and issued a remand order, the parties were placed in the position of being back before the trial court prior to its error. *See Giancola* at ¶ 21, citing *State ex rel. Douglas v. Burlew*, 106 Ohio St.3d 180, 2005-Ohio-4382, ¶ 11. That is—inquiring as to whether Patterson desired to be represented by counsel or engage in self-representation for the R.C. 2929.191(C) hearing. Importantly, the trial court complied with our remand order by ensuring Patterson had counsel if he so desired.

**{¶20}** While we recognize that the Ohio Supreme Court's holding in *Harper* "realign[ing] [its] jurisprudence with the traditional understanding of void and voidable sentences," represents a clarification and return to *stare decisis*, it is also *an intervening decision by a superior court*, undoubtedly an extraordinary circumstance. *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, at ¶ 43. *See Nolan* at

3. Nevertheless, we conclude *Harper* is not in conflict with the case at bar. And since the trial court complied with our remand order, and because we have concluded that the *Harper* decision is not in conflict with our remand order, the law-of-the-case doctrine does not apply here. *See Nolan* at 3. Put more plainly—since the trial court complied with our remand order, it was free to address *Harper* and its applicability to the facts.[7] Importantly, *Harper* obviated the need for a *further* R.C. 2929.191(C) hearing.

{¶21} Moreover, even if we were to assume without deciding that the trial court erred in not convening the R.C. 2929.191(C) hearing post-remand, Patterson has not alleged or demonstrated any prejudice nor can we glean any prejudice he would suffer from our review of the record since the trial court would still have to follow *Harper*, as an *intervening* clarification of *the law by a controlling authority*. (Emphasis added.) *See Hopkins*, 404 Ohio St.3d 461, 2004-Ohio-6769, at ¶ 23.

{¶22} Accordingly, we overrule Patterson's first assignment of error.

### Assignment of Error II

**The Ohio Supreme Court's prior void/voidable doctrine was loosely predicated on the unspecific notion that the "our authority to sentence in criminal cases is limited by the people through the Ohio Constitution…" *State v. Henderson*, 2020-Ohio-4784, ¶ 45, fn. 2. Yet, here the original sentence is in fact in excess of**

---

[7] Patterson also argues that res judicata cannot be applied retroactively since such an application would create far more confusion as to void and voidable judgments. (Appellant's Brief at 5). Besides a cursory discussion, Patterson advances no argument in support of his contention nor did he cite to any portion of the record. Considering Patterson did not take the time to support his argument even in the most basic of terms under App.R. 16(A)(7), we decline to address Patterson's averment as it relates to his retroactivity claim under App.R. 12(A)(2) under this assignment of error.

**statutory authority and is thereby void, rather than voidable under Sect. 16 and 9, Art. I of the Ohio Constitution.**

{¶23} In his second assignment of error, Patterson argues that the trial court erred by determining that his motion to correct void judgment was *now* "voidable" pursuant to the Ohio Supreme Court's holding in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, and thus dismissing his motion. Specifically, Patterson argues that the trial court's application of *Harper* under the facts presented is errant because Patterson's *sentence* is contrary to law (i.e., in excess of statutory authority), and thus void.

*Standard of Review*

{¶24} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Case No. 5-20-32

*Analysis*

**{¶25}** Appellate court review of a felony sentence under R.C. 2953.08(G)(2) was recently clarified by the Supreme Court of Ohio. *See State v. Jones*, ___Ohio St.3d ___, 2020-Ohio-6729, ¶ 39.[8] Under R.C. 2953.08(G)(2)(b),

> '[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'

*State v. Miller*, 3d Dist. Marion No. 9-20-14, 2021-Ohio-640, ¶ 12, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18, citing *State v. Brown*, 2d Dist. No. 2016-CA-53, 2017-Ohio-8416, ¶ 74 and *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 65. *Compare State v. Stansell*, 8th Dist. 109023, 2021-Ohio-203, ¶ 29-32 (differentiating *Stansell* from *Harper* and *Henderson* on the basis that "Stansell [] is serving more time than what was statutorily permitted at the time he was indicted and sentenced."). The Supreme Court of Ohio has recognized that "contrary to law" within the context of judicial actions that are subject to collateral attack as void are those actions that are "'not in accordance with statutorily mandated terms'", and thus those actions were "'limited only by the number of statutes mandating that a court act in a specific way and the creativity of the attorney challenging the court's action.'" *State v. Henderson*, 161

---

[8] We recently recognized that *Jones* "'does not change the law'" but instead "'clarifies existing law and precedents.'" *State v. Miller*, 3d Dist. Marion No. 9-20-14, 2021-Ohio-640, ¶ 11, fn. 4, quoting *State v. Roberts*, 5th Dist. Richland No. 2020 CA 0035, 2021-Ohio-90, ¶ 81, fn. 2.

-13-

Ohio St.3d 285, 2020-Ohio-4784, ¶ 24, citing *In re J.S.*, 136 Ohio St.3d 8, 2013-Ohio-1721, ¶ 18 (Lanzinger, J. dissenting), quoting *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 8, *overruled*, *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, at paragraph one of the syllabus. The Supreme Court in *Henderson* acknowledged that even though *Harper* "did not involve a scenario in which a trial court deviated from a statutory mandate" as in the instant case (i.e., an error in Patterson's postrelease-control notification is a deviation from the statutory mandate, a fact the parties do not dispute), it nonetheless held that

> sentences based on an error are *voidable*, if the trial court imposing the sentence has jurisdiction over the case and the defendant, *including sentences in which the trial court fails to impose a statutorily mandated term*. A sentence is void *only if* the sentencing court *lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused*.

(Emphasis added.) *Henderson* at ¶ 27. The Supreme Court of Ohio further elaborated as to

> the difference between a void judgment and a voidable judgment and the rationale behind the distinction. The question simply turns on whether the court had jurisdiction over the subject matter and the person. *Id.* at 492[]. A void judgment is rendered by a court without jurisdiction. It is a mere nullity and can be disregarded. It can be attacked in collateral proceedings. *Id.* at 494[]. A voidable judgment is one pronounced by a court with jurisdiction. The *Tari* court reiterated that unless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, *regardless of whether it is right or wrong*. *Id.* The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, *even if that error is constitutional in nature*, amounts to the forfeiture of any objection. *Id.* at 495[].

(Emphasis added.) *Henderson* at ¶ 17, quoting *Tari v. State*, 117 Ohio St. 481, 495 (1927). *Compare Stansell* at ¶ 29 (concluding Stansell's sentence implicated a constitutional right, and thus is implicitly contrary to law (i.e., a sentence in excess of the statutory range) rendering it void and subject to collateral attack.).

{¶26} Because Patterson did not challenge whether the prison terms imposed by the trial court in this case are within the statutory range or whether the trial court considered the statutory factors as to his original sentence arising from the judgment entry of sentence on April 27, 2011, under *Jones* we could not conclude that Patterson's sentence is clearly and convincingly contrary to law.[9] *See State v. Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 9, ("Under *Jones*, this ends the inquiry regarding the individual sentences."); *see also*, *D-Bey* at ¶ 75, citing *Jones* at ¶ 39. *See also Patterson*, 2012-Ohio-2839, at ¶ 91-93 (concluding that Patterson did not contend on appeal that the trial court's sentence is contrary to law, but rather that his sentence was unsupported by the record.).[10]

{¶27} Here, the trial court has subject-matter jurisdiction and personal jurisdiction over Patterson's felony case.[11] *See* Article IV, Section 4(A), Ohio

---

[9] Notably, Patterson was sentenced on April 21, 2011, and we previously concluded that the prior versions of R.C. 2929.14(A)(3) and R.C. 2929.14(D)(1)(a)(ii) (eff. Apr. 7, 2009) applied in his case. *See Patterson*, 2012-Ohio-2839, ¶ 93, fn. 2.

[10] *Jones* represents yet another *intervening* clarification of *the law by a controlling authority*, which would constitute an extraordinary circumstance in the history of Patterson's case. (Emphasis added.) *See Hopkins*, 404 Ohio St.3d 461, 2004-Ohio-6769, at ¶ 23.

[11] Indeed, Patterson is still serving out his sentence as to Count One. (*See* Doc. Nos. 172, 290, 321, 322).

Constitution; R.C. 2931.03; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."); *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927); *State v. Thompson*, 3d Dist. Marion No. 9-20-19, 2021-Ohio-642, ¶ 13, citing *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, ¶ 11. Moreover, the nature of the sentencing error (i.e., an error in Patterson's postrelease-control notification) Patterson raises renders his sentence *voidable*, not *void*. *Harper* at ¶ 5-6; *Henderson* at ¶ 27. Thus, Patterson's sentence could only be challenged by virtue of an objection at sentencing or on direct appeal, not through a postconviction motion. *See Harper* at ¶ 41-43; *Henderson* at ¶ 27, 40, 43; *State v. Greene*, 3d Dist. Crawford No. 3-20-06, 2020-Ohio-5133, ¶ 13; *State v. Owens*, 3d Dist. Crawford Nos. 3-19-16 and 3-19-17, 2020-Ohio-5573, ¶ 17.

{¶28} Because Patterson could have, but failed to raise the issue related to his postrelease-control notification in his direct appeal, res judicata bars his claim. *Harper* at ¶ 43; *Henderson* at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175 (1967); *Green* at ¶ 13; *Owens* at ¶ 17. *See Patterson*, 2012-Ohio-2839. Therefore, we conclude that the September 30, 2020 judgment entry of the Hancock County Court of Common Pleas dismissing Patterson's motion on the basis that it was barred by the doctrine of res judicata is appropriate.

**{¶29}** Accordingly, Patterson's second assignment of error is overruled.

**{¶30}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J., and SHAW, J., concur.**

**/jlr**