[Cite as *State v. Duchenois*, 2021-Ohio-1602.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28973 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-4277 |
| | : | |
| BRIAN DUCHENOIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of May, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Defendant-Appellant, Brian Duchenois, appeals from his conviction for rape; specifically, he challenges his prison sentence. Finding no basis on which to modify or vacate the sentence, we affirm.

## I. Factual and Procedural Background

{¶ 2} Duchenois admitted to engaging in multiple sexual acts with his girlfriend's daughter. In January 2020, he was indicted on one count of rape, four counts of unlawful sexual conduct with a minor, five counts of sexual battery, one count of disseminating matter harmful to juveniles, and four counts of sexual imposition. Duchenois pleaded guilty to rape, a first-degree felony, and the other counts were dismissed. The trial court sentenced him to prison for a definite minimum of 9 years up to 13.5 years.

{¶ 3} Duchenois appeals.

## II. Analysis

{¶ 4} The sole assignment of error alleges:

THE TRIAL COURT ERRED BY IMPOSING A SENTENCE OF NINE YEARS IN PRISON.

{¶ 5} Duchenois concedes that his sentence was lawful and was within the statutory range for a first-degree felony. But he argues that, under R.C. 2929.11 and R.C. 2929.12, a nine-year prison sentence was excessive and unsupported by the record.

{¶ 6} R.C. 2953.08(G)(2) governs the appellate review of felony sentences. It provides that an appellate court may vacate or modify a sentence if the court clearly and convincingly finds that either (a) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I);

or (b) the sentence is otherwise contrary to law.

{¶ 7} Clarifying how an appellate court is to review a felony sentence, the Ohio Supreme Court recently held that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *State v. Jones,* Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, ¶ 31. Accordingly, we stated that "the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's 'findings' under R.C. 2929.11 and R.C. 2929.12." *State v. Burks,* 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 7. As for R.C. 2953.08(G)(2)(b), we held that "*State v. Jones* also confirms that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is 'contrary to law' because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 8, citing *Jones* at ¶ 32-39.

{¶ 8} The record here shows that the trial court considered R.C. 2929.11 and R.C. 2929.12 and, as Duchenois admits, the sentence was lawful. It follows, then, that there is no basis on which we can modify or vacate Duchenois's prison sentence. *See Burks* at ¶ 9 (holding the same where the trial court considered both sentencing statutes and the defendant's sentences were not contrary to law).

### III. Conclusion

{¶ 9} The sole assignment of error is overruled.

{¶ 10} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Travis Kane
Hon. Gerald Parker